■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL VIGNERA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 24, 1966, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to the trial court for the purpose of (a) holding a hearing upon defendant's motion to withdraw his plea of guilty, and (b) making a determination thereon *de novo* and (c) further proceedings not inconsistent herewith. No questions of fact were considered on this appeal. In our opinion, the denial of defendant's motion to withdraw his plea of guilty was an improvident exercise of discretion (*People* v. *Phipps*, 26 A D 2d 822; *People* v. *Parker*, 24 A D 2d 610). When a defendant repeatedly asserts his innocence, the trial court is required to exercise an informed discretion (*People* v. *Klein*, 26 A D 2d 559). Under the circumstances at bar, it was error for the trial court to peremptorily terminate the hearing. Defendant's other contention, that the trial court lacked jurisdiction through all stages of the proceedings (Code Crim. Pro., §§ 547, 548, 549; CPLR 5524), is not properly before us. Evidence dehors the record is not admissible in an appellate court for the purpose of reversing a judgment (*Dunham* v. *Townshend*, 118 N. Y. 281). Beldock, P. J., Christ, Brennan and Benjamin, JJ., concur; Munder, J., concurs for reversal of the judgment, but dissents from the remission of the case for a hearing and votes (1) to grant defendant's motion to withdraw his plea of guilty and (2) to reinstate the indictment, with the following

memorandum: Following affirmance by our State courts, defendant's judgment of conviction was reversed by the Supreme Court (*People* v. *Vignera*, 21 A D 2d 752, affd. 15 N Y 2d 970, revd. 384 U. S. 436). The Court of Appeals then amended its remittitur to direct a new trial with all evidence of defendant's confession excluded (*People* v. *Vignera*, 18 N Y 2d 723; 18 N Y 2d 752 [Sept. 22, 1966]). On October 17, 1966 defendant withdrew his former plea of not guilty and pleaded guilty. On October 19, 1966 he made oral application to withdraw his plea of guilty, but the trial court denied the application and sentenced him on October 24, 1966. The record before us does not disclose when the remittitur was filed in the court of original instance, although evidence dehors the record shows it was filed on November 7, 1966. In my opinion the trial court lacked jurisdiction to receive defendant's guilty plea and to impose sentence (cf. Code Crim. Pro., § 548; CPLR 5524, subd. [b]). I differ with the majority as to the effect of the absence of the remittitur. Unless, as in *Judson* v. *Gray* (17 How. Prac. 289), it can be shown that the remittitur was delivered to defendant for filing in the trial court, jurisdiction remains in the appellate court until the remittitur is filed. I do not regard *Judson* (*supra*) as applicable in criminal cases since it is most unlikely that a remittitur would be delivered to a defendant in such a case for filing in the court of original instance. Nor do I believe there was any burden on defendant to establish the fact of the nonfiling of the remittitur. With the condition of jurisdiction in the appellate court known to have existed, the presumption of continuance would suffice to establish the fact of nonfiling until the contrary was shown. Thus, unless the presumption of regularity of court proceedings is considered to overcome the presumption of continuance, the trial court was not authorized to accept defendant's guilty plea. Since the prosecution has three witnesses to the robbery available to testify, it will not be prejudiced by a retrial. In these circumstances, and in view of the unusual jurisdictional question presented, it would appear more practical to vacate the plea of guilty and try the case.